[No. 34027. Department One. September 12, 1957.]

LESLIE U. CUERIER et al., Respondents, v. RADIO STATION KPUG et al., Appellants.[1]

Livesey, *Kingsbury & Livesey*, for appellants.

*Newman & Newman* and *Sam Peach*, for respondents.

PER CURIAM.—This is an action for damages for malicious prosecution brought by Cuerier and his wife against defendant radio station, its manager, and his wife.

Mr. and Mrs. Cuerier were free-lance specialty salesmen of radio advertising. They prepared and promoted what is known in the trade as "package programs." This involved arranging for radio time and a radio announcer with a certain station, contacting prospective advertising sponsors for the package programs. Mrs. Cuerier wrote the scripts; Mr. Cuerier sold the programs to advertising sponsors. The proceeds from the program sales were split between the Cueriers and the particular station involved.

Mr. Cuerier entered into a written contract with defendant Bellingham radio station through its manager, Mr. Hamstreet. Weekly settlement of accounts was to be made on the basis of fifty per cent to the radio station and fifty per cent to Cuerier.

The Cueriers left Bellingham to work with a radio station in Moses Lake, Washington. At the time they left, settlement had not been made with the Bellingham radio station as to three advertising sponsors who had paid the Cueriers in cash. There is evidence that Mr. Cuerier had attempted to make such settlement, but that he had been unable to locate Mr. Hamstreet.

Three days later, Mr. Cuerier was arrested in Moses Lake and charged with grand larceny. He spent twenty-one days in jail before being released on bail. Several months later, the charges were dropped because of insufficient evidence to prosecute.

Thereafter, this action was brought charging that defendants did maliciously and without probable cause bring about the arrest and prosecution of Mr. Cuerier. Upon trial by jury, plaintiffs obtained a verdict awarding damages in the amount of fifteen thousand dollars. Defendants appealed.

We have considered all of appellants' assignments of error. We find that there is substantial evidence in the record to sustain the jury's verdict as to liability and as to the damages awarded to the respondents. The facts in the record called to our attention in this case and appellants' assignments of error raise no question of law that has not previ-

[1]Reported in 314 P. (2d) 927.

ously been decided by this court in other malicious prosecution cases. See *Peasley v. Puget Sound Tug & Barge Co.* (1942), 13 Wn. (2d) 485, 125 P. (2d) 681, and cases cited therein.

The judgment of the trial court should be affirmed. It is so ordered.

---

October 24, 1957. Petition for rehearing denied.